# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No. 8:24-MJ-115 (GLF) |
| KRISTIN DEVOE | ) |
| | ) |
| | ) |
| | ) |
| **Defendant** | ) |

*U.S. DISTRICT COURT - N.D. OF N.Y.*
*FILED*
*MAR - 1 2024*
*AT _____ O'CLOCK*
*John M. Domurad, Clerk - Plattsburgh*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of February 28, 2024 in the county of Clinton in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(C) | Possession with intent to distribute a controlled substance, in that the defendant knowingly and intentionally possessed with intent to distribute cocaine, crack cocaine, fentanyl, heroin, and Xylazine. |

This criminal complaint is based on these facts:

☒  Continued on the attached sheet.

*Richard J. Ruscica*
_____
Complainant's signature

Richard Ruscica, Special Agent, DEA
_____
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: MARCH 1, 2024

_____
Judge's signature

City and State: Plattsburgh, NY

Hon. Gary L. Favro, U.S. Magistrate Judge
_____
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard Ruscica, being duly sworn, do hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent for the United States Drug Enforcement Administration (DEA) and have been so since July 31, 2022. I have completed the DEA Training Academy, in Quantico, Virginia on December 17, 2022. After completion of the Basic Agent Training Academy, I was assigned to the New York Field Division, Task Force Group T-12 in New York, New York. As of November 2023, I have been assigned to the New York Division, Plattsburgh Resident Office Group D-69. I have participated in numerous narcotics investigations during the course of which I have conducted physical and wire surveillance, executed search warrants, and reviewed and analyzed recorded conversations and records of drug traffickers. Through my training, education, and experience (including monitoring wiretapped conversations of drug traffickers and conducting surveillance on numerous occasions of individuals engaged in drug trafficking), I have become familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs, and the efforts of persons involved in such activities to avoid detection by law enforcement.

2.  I have participated in the investigation and prosecution of complex narcotics enterprises, including major narcotics organizations. These investigations included the use of court-ordered eavesdropping. I have also conducted analyses of telephone billing records for telephones used by narcotics traffickers. Narcotics officers and agents who belong to the DEA's Plattsburgh Resident Office also have extensive experience in narcotics investigations, especially involving high-level narcotics traffickers and money launderers. I have had and continue to have

1

conversations with narcotics agents and officers of the Plattsburgh Resident Office concerning this investigation and other narcotics related investigations.

3. I make this affidavit based upon my personal knowledge and upon information received by me from other law enforcement officials. The statements of fact contained in this affidavit are based upon my personal knowledge, participation in the investigation, information provided by agents of the DEA and other law enforcement agencies, analysis of documents, and my experience and training as a Special Agent. As a result of my participation in this investigation, I am fully familiar with the facts and circumstances of the investigation.

4. As part of my duties, I have become involved in an investigation of a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), possession with intent to distribute a controlled substance. The statements in this affidavit are based on information provided to me by other law enforcement officers and my investigation of this matter. I have set forth only those facts that I believe are necessary to establish probable cause to believe that Kristin DEVOE has committed a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## PROBABLE CAUSE

5. On February 28, 2024, law enforcement learned of a possible residence in Plattsburgh, NY, that was associated with individuals involved with the sale and distribution of illegal narcotics. Specifically, law enforcement learned that a possible supplier from Syracuse had arrived the night prior and was dealing cocaine, crack cocaine, heroin, methamphetamine, and a variety of prescription pills.

6. On February 28, 2024, at around 2:00 PM, law enforcement conducted surveillance in the area of this residence for the purposes of gathering intelligence on residence, vehicles involved, and persons frequenting that address.

7. At approximately 3:46 PM, I observed a white female, who was later identified at Brittany St. John, in a lavender hooded sweatshirt and blue jeans. St. John met with an unidentified male outside the residence on the side walk, and conducted what looked like a hand-to-hand narcotics transaction. I observed St. John hand the male an unknown amount of Untied States currency (USC) and the male hand her something discreetly by shielding his body from the road. The male went back into the residence and I followed St. John to EZ Lanes at the corner of Broad Street and Oak Street where she entered a Black Hyundai baring NY Registration KAP8539. At approximately 4:25 PM, St. John was subsequently stopped by law enforcmeent in the town of Plattsburgh, where a search yielded a red wax paper fold containing fentanyl, a rock which appeared to be methamphetamine and a circular prescription pill. After advising St. John of her rights, she admitted that she had gotten the red wax paper fold containing fentanyl from a female at the aforementioned residence.

8. At around 4:54 PM a Black Mercedes Benz, baring FL Registration 76BGPP, pulled into the parking lot at the residence and sat idling for several minutes. I observed a woman diving and she was the sole occupant of the vehicle. I later identified the operator to be Kristin DEVOE, who was wearing grey sweat pants, a grey hooded sweatshirt with a yellow stripe on the sleeves, and white shoes. I observed DEVOE walk around to the passenger side of the vehicle, open the rear passenger door, and reach inside before returning to the driver's seat.

9. At around 5:00 PM, a woman wearing a red sweatshirt and black short pants came down from the upstairs apartment and got into the front passenger side of DEVOE's vehicle. After roughly 3 minutes, at around 5:04 PM, I observed the woman exit the passenger side of the vehicle and go back upstairs at the residence. DEVOE to exited the parking lot and law enforcement followed to vehicle to the area of Adirondack Lane, Plattsburgh, NY.

10. At around 9 PM, I observed DEVOE pull back into the parking lot at the residence in nearly in the same place as she did on the previous occasion near 4:54 PM. On both occasions, I was parked across the street in an unmarked car. I could clearly see DEVOE driving and observe that there was no one else in the vehicle with her.

11. After sitting alone for several minutes with no one exiting or entering her car, at 9:04 PM, I observed the same woman with the red sweatshirt come down the same set of stairs and again get into the front passenger seat of DEVOE's vehicle. After a few minutes, at 9:08 PM, the female in the passenger seat exited the vehicle to go back upstairs. No one else at this time exited, approached, or entered DEVOE's vehicle.

12. I observed DEVOE begin to back out of her parking spot and pull onto Broad Street. Law enforcement followed DEVOE on Broad Street toward the intersection of Ruger Street. Prior to this intersection, I had requested a New York State Police Trooper in a fully marked NYSP car to observe the vehicle for any traffic violations. Trooper Anthony Cumm observed the vehicle in the turn lane on Broad Street and Ruger Street, failing to signal 100 feet prior to her turn onto Ruger Street.

13. A subsequent traffic stop was conducted and DEVOE gave consent to search the vehicle. While Trooper Cumm was searching the vehicle, he located a black Nike backpack and a Pepsi reusable shopping bag in the vehicle's back seat.

14. Located inside the black Nike backpack, Trooper Cumm located the following controlled substances: 1) approximately 408.8 grams of a powder substance that subsequently field-tested positive as cocaine, located in a large zip lock bag; 2) 86.7 grams of a powder and rock like substance that subsequently field-tested positive as crack cocaine, found in a large zip lock bag; 3) 530.6 grams of a powder and rock like substance that subsequently field-tested positive for

fentanyl, found in a white capsule with the letters "SV" on the lid and several red wax paper folds and plastic bags; 4) approximately 164.6 grams of a substance that subsequently field-tested positive as heroin located in plastic bags; and 5) approximately 149.4 grams of a powder substance that subsequently field-tested positive as Xylazine in tied-off plastic baggies.

15. Located inside the Pepsi bag, Trooper Cumm located the following: a hot plate, pots and pans, a strainer, metal spoons, baking soda, kitchen scissors, and a metal mixing cup. The items all had a white powder residue on them. In my training and experience, these items are commonly used together with narcotics and cutting agents to cook crack cocaine and maximize profits when buying large quantity of narcotics for the purpose of sale and distribution.

16. Based on your affiant's training, experience, and knowledge of the investigation; the amount and variety of the narcotics; the way the substances were packaged; the type and quantity of cutting and cooking materials; and the presence of roughly five hundred ($500) U.S. currency in the vehicle, which DEVOE claimed was hers, are all indicative of possession with an intent to distribute controlled substances. Based on the foregoing, I submit there is probable cause to believe that Kristin DEVOE committed a violation of Title 21, United States Code, §§ 841(a)(1), (b)(1)(C), possession with intent to distribute a controlled substance, cocaine, crack cocaine, fentanyl, heroin, and Xylazine.

Attested to by the Affiant:                              Respectfully submitted,

_____
Richard Ruscica
Special Agent
Drug Enforcement Administration



I, the Honorable Gary L. Favro, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on March 1, 2024 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Honorable Gary L. Favro
U.S. Magistrate Judge

6